IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN RUMMANS,<br><br>Defendant. | No. CR05-0096<br><br>**REPORT AND RECOMMENDATION** |

_____

This matter comes before the court pursuant to the motion for return of seized property filed in this matter on August 22, 2006, by Lawrence Marlowe Rummans (docket number 42). This matter was referred to the undersigned United States Magistrate Judge for the issuance of a report and recommendation. The court held an evidentiary hearing on this motion on November 6, 2006, at which Lawrence Rummans participated by telephone. The government was represented by Assistant United States Attorney Martin McLaughlin. It is recommended that the petition for return of seized property be denied.

## FINDINGS OF FACT

On October 27, 2005, the Grand Jury for the Northern District of Iowa returned an indictment against Stephen Rummans charging that on July 13, 2004, Stephan Rummans possessed three shotguns after having been previously convicted of a misdemeanor crime of domestic violence. 18 U.S.C. § 922(g)(9).

Lawrence Rummans is the brother of Stephen Rummans. Lawrence Rummans is the executor of his father's estate. Lawrence Rummans testified that before his father died, his father gave the firearms at issue to the defendant. Accordingly, the firearms were not part of the father's estate when he died. Lawrence Rummans wants one particular firearm to remain in the Rummans family for sentimental reasons.

1

## CONCLUSIONS OF LAW

The firearms in this case were forfeited by the defendant to the government on January 5, 2006. Third parties claiming an interest in properties subject to an order of forfeiture can make application pursuant to 21 U.S.C. § 853(n)(6). This provision states as follows:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bond fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

It is clear from the testimony set forth above that Lawrence Rummans does not qualify either on his own behalf or as executor of his father's estate for return of seized property. The guns were given to the defendant and owned completely by him on July 13, 2004. No one else had any legal interest in the firearms at the time of the federal criminal offense involving those firearms. The firearms have sentimental value to the family. While this is understandable, the law makes no provision for return of such items to family members. The law makes it clear that the firearms were forfeited to the government at the moment they were illegally possessed by the defendant.

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[1] to the Report and Recommendation within ten (10) days of the date of the report and recommendation, that the motion for return of seized property (docket number 42) be denied.

November 7, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[1] Any party who objects to this report and recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.